NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 14-463 (SRC) |
| v. | : | |
| OMAR JONES | : | OPINION |

**CHESLER**, District Judge

This matter comes before the Court on the motion filed *pro se* by Defendant Omar Jones ("Defendant") for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 54.) This motion follows several prior applications for compassionate release by Defendant. The United States of America (the "Government") has opposed the motion. (ECF No. 55.) The Court has considered the papers submitted and, for the following reasons, will deny the motion.

In his prior applications,[1] Defendant raised three grounds for relief: the risk of contracting covid-19 in prison, the incapacitation of Defendant's mother Mildred Jones, and that his minor son, who was under Ms. Jones' care, required an able-bodied caregiver. While the Court

---

[1] On July 31, 2020, Defendant filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which the Court denied on November 13, 2020. (ECF Nos. 39, 43.) On December 2, 2020, Defendant filed a supplemental emergency motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which the Court denied on December 17, 2020. (ECF Nos. 44, 47.) On February 4, 2021, Defendant filed a letter advising that he never received a copy of the Government's submission in opposition to either of the July 31, 2020 and December 2, 2020 motions, and thus he did not have an opportunity to respond to the Government's opposition. (ECF No. 48.) Because of this, on February 8, 2021, the Court vacated its December 17, 2020 order. (ECF No. 49.) Defendant subsequently filed reply briefing to the Government's opposition papers and on May 24, 2021 the Court again denied Defendant's requested relief. (ECF No. 53 (the "May 24 Order").)

considered the first two grounds on their merits, it declined to consider Defendant's claim that his release is warranted by his minor son's lack of an adequate guardian on the basis that Defendant had failed to exhaust his administrative remedies with respect to that claim. *See* May 24 Order at 4–5.

In a letter dated June 21, 2021, Defendant moves pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure to make "supplemental findings of fact and conclusions of law" to amend the Court's May 24 Order. The five "supplemental findings of fact" include a summary recitation of the grounds for the requested relief and four statements attesting that: (i) Defendant submitted to the warden of FCI Fort Dix a request for compassionate release based on his "becoming the primary care giver for his son," thus exhausting his administrative remedies for this claim; (ii) Defendant has suffered "[d]eprived [c]onditions since March of 2020"; (iii) "Courts in this District ha[ve] re-sentenced [d]efendants to home confinement"; and (iv) Defendant "has been approved for 6 months halfway house," with a release date of February 15, 2022. In support of his assertion that he submitted to the warden of FCI Fort Dix a request for compassionate release, Defendant presents to the Court for the first time the warden's December 2, 2020 response to a "Request for Administrative Remedy" which Defendant made on the basis of "Non-Medical Circumstances – Death or Incapacitation of the Family Member or Caregiver." (ECF No. 54 Ex. 2.) Relevantly, the response states:

> On July 8, 2020, your Compassionate Release request was denied because you failed to provide verifiable medical documentation of the incapacitation of your mother. You also have not specified a reason why your wife is not available to care for your child, and that you are the only caregiver available. As a result, your request for Compassionate Release is denied.[2]

---

[2] Defendant has not provided the exact language of the July 8, 2020 request which prompted this response. However, considering the contents of BOP's December 2, 2020 response, the Court is satisfied that Defendant adequately exhausted his administrative remedies with respect to this claim.

2

The Government responded in opposition to the motion on July 26, 2021 and asserts that Defendant's motion fails to raise any new information. The Government accordingly argues that the Court's May 24 decision should stand.

While Defendant styles his motion as one relying on five "supplemental" findings of fact, he has presented only one change in circumstances since the May 24 Order: That he has now exhausted his administrative remedies with respect to his claim for compassionate release on the grounds that his minor son's caregiver is incapacitated and thus Defendant is needed as his son's caregiver. However, even when considering this additional ground for relief, Defendant has failed to demonstrate the "extraordinary and compelling reasons" required for a reduction in his term of imprisonment, as required under Section 3582(c)(1)(A)(i). Pursuant to this provision, a court may reduce a defendant's term of imprisonment if the following conditions are satisfied: (1) there are "extraordinary and compelling reasons" which warrant a reduction; (2) the reduction would be "consistent with any applicable policy statements issued by the Sentencing Commission;" and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate that reducing the defendant's sentence would be appropriate. 18 U.S.C. § 3582(c)(1)(A). As relevant here, the Sentencing Commission's policy statement on compassionate release expressly identifies "Family Circumstances" among the reasons that might warrant relief under Section 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13 cmt. n.1(C). The application note provides that "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" may present the requisite extraordinary and compelling reason under Section 3582(c)(1)(A).

Defendant's present motion suffers from the same defects that the Court identified in its May 24 Order. While the Court's analysis in the May 24 Order of the "Family Circumstances" element considered the incapacitation of a "spouse," it is equally applicable to determining whether a "caregiver" is incapacitated. Accordingly, when evaluating whether a caregiver is incapacitated, "adequate information and documentation should be provided including, but not limited to, a statement and verifiable medical documentation regarding the [caregiver's] incapacitation, a statement and letters of documentation that the inmate is the only family member capable of caring for the [minor child], and a statement and documentation regarding the inmate's release plan." *See, e.g.*, *United States v. Collins*, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020) (setting forth the text from BOP Program Statement § 5050.50 and applying its standard for determining that a spouse is incapacitated).

Defendant still has not submitted medical records sufficiently demonstrating Ms. Jones' incapacitation nor an affidavit of a physician attesting, based on personal knowledge of Ms. Jones' physical condition, that she is "completely disabled." Instead, before the Court is an affidavit by Ms. Jones that presents conclusory assertions concerning the challenges posed by Covid-19 while continuing to care for Defendant's minor son (ECF No. 52) and dated medical documentation concerning Ms. Jones' health that fails to demonstrate her complete disability (ECF No. 45, Ex. 12). Furthermore, Defendant offers only a cursory assertion that there is no other available caregiver for his minor child. Accordingly, Defendant has not established that extraordinary and compelling reasons exist to reduce his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).[3]

---

[3] Even had Defendant established that there exist "extraordinary and compelling reasons" which warrant a reduction in his sentence, the sentencing factors listed in 18 U.S.C. § 3553(a) militate against such a reduction. Defendant has failed to provide information that would alter the Court's prior analysis

      For the foregoing reasons, Defendant's motion will be denied. An appropriate Order will issue.

                                                             s/ Stanley R. Chesler
                                                            STANLEY R. CHESLER
                                                         United States District Judge

Date: August 24, 2021

---

of the sentencing factors, condemning his application for relief on independent grounds. *See* May 24 Order at 7–8.