NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
|  | : | Criminal No. 14-463 (SRC) |
| v. | : | |
|  | : | |
| OMAR JONES | : | OPINION |
|  | : | |

**CHESLER**, District Judge

This matter comes before the Court on the letter, dated August 8, 2021 written by Defendant Omar Jones ("Defendant") concerning his June 21, 2021 motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) (the "August 8 Letter"). The Court received this submission after it issued its August 24, 2021 Opinion regarding the June 21, 2021 motion. Having reviewed this additional submission, Defendant's motion for compassionate release continues to be denied for the reasons set forth below.[1]

The August 8 Letter fails to raise any issue of fact or law of consequence. Defendant in his August 8 Letter raises three arguments:

- **First**, Defendant argues that the Court did not consider his compassionate release claim as it pertains to his need to serve as the primary caregiver to his son. The Court addressed this claim on its merits in its August 24 Opinion and it is thus no longer at issue.

- **Second**, Defendant argues that the Court did not "rul[e] on or mention[] Mr. Jones exceptional rehabilitation efforts and the Deprived [sic] conditions he suffered since March 2020." The Court has not previously addressed Defendant's educational achievements and other rehabilitative successes. While laudable, they do not suffice to alter the Court's analysis of the 18 U.S.C. § 3553(a) sentencing

---

[1] The Court assumes the reader's familiarity with the factual and procedural background of Defendant's compassionate release motions and the Court's prior opinions concerning those motions. See Aug. 24, 2021 Op. n.1 (ECF No. 57); May 24, 2021 Op. 1–3 (ECF No. 53).

    factors and warrant the relief requested.  See Aug. 24, 2021 Op. at 6–7.  To the extent Defendant claims that he has suffered "deprived conditions" due to Covid-19, the Court has disposed of his arguments.  See May 24, 2021 Op. at 4–5.

- **Third**, Defendant argues that the Court should consider the emergence of the Delta variant of Covid-19 in determining whether a reduction in his sentence is warranted.  While this is the first instance in which Defendant raised the specter of the Delta variant, the Court's earlier discussion of the risks posed by Covid-19 is equally applicable to Delta.  Namely, Defendant has failed to demonstrate an acute risk of serious, life-threatening illness that he faces because of the pandemic.  See May 24, 2021 Op. at 5–7.

Accordingly, none of the arguments that Defendant poses in his August 8 Letter change the Court's prior analyses.

Furthermore, the Third Circuit's recent decision in U.S. v. Andrews, No. 20-2768, 2021 WL 3852617, at *1 (3d Cir. Aug. 30, 2021), does not disturb the Court's conclusions.  In the Court's earlier decisions, it relied in part on the U.S. Sentencing Commission's policy statement concerning the "extraordinary and compelling reasons" that warrant a reduction in a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1).  See U.S.S.G. § 1B1.13 cmt. n.1.  Hewing to the standards set forth in the policy statement, the Court found that Defendant had not established the "extraordinary and compelling reasons" necessary for relief.  In Andrews, the Third Circuit instructed that district courts are not bound by this policy statement where, as here, a motion for compassionate release is brought by a prisoner, rather than the Bureau of Prisons.  2021 WL 3852617 at *3.  Instead, the Third Circuit endorsed an approach by which the Court may look to the policy statement as a "guide" while retaining the discretion to determine whether a prisoner's circumstances are "extraordinary and compelling" notwithstanding that they may not otherwise meet the policy statement's standards.  Id. at *4.

Even while evaluating Defendant's circumstances under this broader lens, the Court concludes that the reasons Defendant offers for the requested relief are neither extraordinary nor

compelling. Significantly, the Court has denied several of Defendant's claims—based on the need for him to care for his "incapacitated" mother and minor son—on the ground that Defendant has insufficiently supported his claims with medical records or physician affidavits attesting to his mother's incapacitation. Similarly, the Court found that Defendant has proffered nothing but conclusory statements that, other than Defendant's mother, he is the only available caregiver for his minor son. Looking beyond the Commission's policy statement does nothing to repair these defects.

As to Defendant's claim that the threat of contracting Covid-19 is a sufficiently extraordinary and compelling reason to reduce his sentence, the Court disagrees for the reasons presented in its earlier decisions.[2]

For the foregoing reasons, Defendant's motion remains denied.

                                                                     s/ Stanley R. Chesler
                                                                   STANLEY R. CHESLER
                                                                United States District Judge

Date: September 1, 2021

---

[2] Even if Defendant can establish that "extraordinary and compelling reasons" exist, the Court is required to consider the sentencing factors set forth in Section 3553(a) when determining whether a reduction in sentence is warranted. For the reasons already established, those factors weigh against reducing Defendant's sentence. See May 24, 2021 Op. at 7–8; Aug. 24, 2021 Op. at 4 n.3.